**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 30, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-50365
_____

MARY J. COUNTS; JILL A. MARANGONI,

Plaintiffs-Appellants,

versus

EDMUNDO GUEVARA; UNITED STATES OF AMERICA

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

Before GARWOOD, JOLLY and HIGGINBOTHAM, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Mary J. Counts ("Counts") and Jill A. Marangoni ("Marangoni") appeal the district court's dismissal of their libel, slander, and intentional infliction of emotional distress claims against Edmundo Guevara ("Guevara") for lack of jurisdiction based on the substitution of the United States as defendant. Because the district court, which did not have the benefit of the latest pronouncement by the Texas Supreme Court, erred in applying Texas law to the question of whether Guevara was acting within the scope of his employment, we VACATE and REMAND.

Counts and Marangoni, FBI employees, filed suit in Texas state

court against Guevara, the FBI Special Agent in charge of the El Paso office, alleging libel, slander, and intentional infliction of emotional distress. They claimed that Guevara continuously and systematically harassed, intimidated, and retaliated against them because they had complained to FBI headquarters about him and their superiors in El Paso. Counts and Marangoni asserted that Guevara's conduct culminated in the derogatory remarks that he made about the plaintiffs at his retirement party. Party attendees reported that Guevara stated in regard to Counts that "evil comes in big packages" and in regard to Marangoni and her husband, "dumb and dumber equals dumbest." He apparently also disparaged them professionally, and accused them of misconduct.

The government filed a Notice of Removal and a Motion for Substitution pursuant to the removal and substitution procedures outlined in the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Westfall Act"). 28 U.S.C. § 2679(d)(1) & (2). Under the Westfall Act, the Government may remove the case and may substitute itself as a party in place of a federal employee who committed a tort while acting within the scope of his employment. Upon substitution, the case falls under the Federal Tort Claims Act.

The district court found that Guevara was acting within the scope of his employment at the time he made the remarks and entered an order substituting the United States as the defendant. The plaintiffs filed a motion for reconsideration and a request for an

evidentiary hearing on the issue of whether Guevara was acting within the scope of his employment; both requests were denied. The district court found that, under the Federal Tort Claims Act and the Civil Service Reform Act, it lacked subject matter jurisdiction to entertain the claims and dismissed the suit. Counts and Marangoni appeal, arguing that the district court erred in determining that Guevara was acting within the scope of his employment and in denying their request for an evidentiary hearing.

The Westfall Act provides that, upon certification by the Attorney General or his designated representative that the government employee was acting within the scope of his employment at the time of the allegedly tortious act, the United States may remove the action to federal court and substitute itself as the defendant in the suit. For purposes of removal, the certification conclusively establishes that the employee was acting within the scope of his employment. Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 432 (1995) (quoting § 2679(d)(2)'s provision that "certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."). However, for purposes of substitution, the certification is judicially reviewable. Id. at 434-37. A plaintiff who challenges the Government's certification has the burden to prove that the employee's conduct was not within the scope of his employment. Williams v. United States, 71 F.3d 502, 506 (5th Cir. 1995). We

3

review the district court's legal conclusions of the scope-of-employment issue *de novo*. Rodriguez v. Sarabyn, 129 F.3d 760, 766 (5th Cir. 1997).

In reviewing the certification, federal courts must apply the law of the state in which the tortious act occurred. Garcia v. United States, 62 F.3d 126, 127 (5th Cir. 1995). In Texas, an employee's conduct is considered to fall within the scope of his employment if his actions were "(1) within the general authority given him; (2) in furtherance of the employer's business; and (3) for the accomplishment of the object for which the employee was employed." Williams, 71 F.3d at 506 (citing Mata v. Andrews Transport, Inc., 900 S.W.2d 363, 366 (Tex. App.–Houston [14th Dist.] 1995, no writ)). This test applies to all scope of employment questions, including those involving allegedly defamatory statements. Minyard Food Stores, Inc. v. Goodman, 80 S.W.3d 573, 578 (Tex. 2002). Minyard makes clear that the focus of the inquiry in defamatory statement cases is whether the actual statements were made within the scope of employment.

Because the district court did not have the benefit of Minyard, it focused its inquiry on whether Guevara's attendance at the retirement party was within the scope of his employment. Relying on Andrews v. Houston Lighting & Power, 820 S.W.2d 411, 413 (Tex. App.–Houston [14th Dist.] 1991, writ denied), it explained: "It is Defendant's attendance at the retirement party, *not* the

4

tortious conduct that allegedly occurred at that function, that is the subject of the Court's scope of employment analysis." This interpretation of Texas law is erroneous in the light of clear language in <u>Minyard</u> indicating that the focus of a scope of employment inquiry is on the tortious conduct itself. <u>See</u> <u>Minyard</u>, 80 S.W.3d at 579. Because the district court's interpretation of Texas law may have affected the development of the record in this case, we REMAND to the district court for further consideration in the light of <u>Minyard</u>. The district court should also consider whether further discovery or an evidentiary hearing may be required in order to properly evaluate whether the statements were made within the scope of Guevara's employment.

For the foregoing reasons, the judgment of the district court is                                                        VACATED AND REMANDED.