# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50729
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2016

Lyle W. Cayce
Clerk

CAROLYN BARNES, individually and on behalf of her children,

Plaintiff - Appellant

v.

KATHLEEN GITTEL, in her personal capacity; UNITED STATES OF AMERICA,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-298

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Pro se Plaintiff–Appellant Carolyn Barnes filed this action against Defendant–Appellee Kathleen Gittel in Texas state court, alleging that Gittel, among others, conspired to harm her.  Because Gittel encountered Barnes only as part of her work as a Census Bureau enumerator, the United States certified that Gittel was acting within the scope of her employment when she

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50729

encountered Barnes, substituted itself as defendant, and removed the action to federal court. The district court held that Barnes's action was against the United States under the Federal Tort Claims Act, found that Barnes had failed to exhaust administrative remedies as required by that Act, and dismissed Barnes's claims for lack of subject matter jurisdiction. Finding no error, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2010, Defendant–Appellee Kathleen Gittel was working as an enumerator for the United States Census Bureau when pro se Plaintiff–Appellee Carolyn Barnes threatened and fired shots at her. Gittel reported the incident to Harold Poppa who, in turn, reported it to local police. Barnes was later indicted for assaulting Gittel with a deadly weapon, convicted in state court of aggravated assault, and sentenced to three years imprisonment. The instant appeal arises out of a Texas state court suit, in which Barnes named Gittel, Poppa, and others as defendants. Although Barnes did not clearly identify the claims she raised, Barnes asserted, *inter alia*, that she had been the victim of a widespread conspiracy and that Gittel had committed "aggravated perjury to secure [Barnes's] wrongful conviction" in exchange for money. The case was removed to federal court under the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"), and the United States was substituted as the party defendant.[1]

The United States and Gittel moved to dismiss Barnes's action on several grounds, and the district court referred this motion to a magistrate judge. The magistrate judge found that the substitution of the United States as the defendant had been proper and that the claims against the United States could

---

[1] The district court thereafter severed and remanded Barnes's claims against all defendants except Gittel, Poppa, and Lacey Loftin, who were Census Bureau employees. Only Barnes's claims against Gittel are before us on appeal.

2

not proceed unless Barnes had exhausted the administrative prerequisites for filing suit under the Federal Tort Claims Act ("FTCA"). Because Barnes failed to exhaust these administrative prerequisites and because the failure to exhaust under the FTCA deprived the district court of jurisdiction to hear Barnes's claims, the magistrate judge recommended that Barnes's claims be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). On July 24, 2015, the district court adopted the magistrate judge's recommendation and dismissed Barnes's claims. On August 3, 2015, while at least two motions were still pending before the district court in this action, Barnes filed a notice of appeal from the district court's order adopting the magistrate judge's recommendation. Since Barnes filed that initial notice of appeal, the district court has addressed the remaining motions and entered final judgment.[2]

## II. APPELLATE JURISDICTION

Before addressing Barnes's challenges on appeal, we begin by examining whether we have appellate jurisdiction to hear those challenges. Appellate jurisdiction was lacking at the time Barnes filed her initial notice of appeal because the district court had not yet entered final judgment in this case. *See* 28 U.S.C. § 1291 (authorizing appellate jurisdiction over "final decisions of the district courts"); *see also Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, 134 S. Ct. 773, 779 (2014) ("[A] 'final decision' is one that ends the litigation on the merits.").[3] However, because the district court has since entered final judgment in this case, we now

---

[2] The district court entered final judgment in this case on January 22, 2016. Barnes filed a notice of appeal from the district court's final judgment, and that appeal was separately docketed. That appeal was dismissed on April 26, 2016, for want of prosecution under Fifth Circuit Rule 42.

[3] Courts of appeals have jurisdiction to review only a small class of non-final decisions by district courts, but the decision from which Barnes appealed did not fit into this class. *See, e.g., Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009).

No. 15-50729

have jurisdiction over Barnes's appeal even though her original notice of appeal was filed prior to the entry of final judgment.[4] *Sandidge v. Salen Offshore Drilling Co.*, 764 F.2d 252, 255 (5th Cir. 1985) (finding appellate jurisdiction from appeal of a non-final judgment where the district court's subsequent judgment effectively terminated the litigation).

## III. THE WESTFALL AND FEDERAL TORT CLAIMS ACTS

On appeal, Barnes first argues that the district court erred by denying her motion to remand this case to state court. We review a district court's denial of a motion to remand *de novo*. *Bell v. Thornburg*, 743 F.3d 84, 87 (5th Cir. 2014). We find no error in the district court's denial of this motion, as federal jurisdiction was proper under the Westfall Act. That Act authorizes the United States to certify that a federal employee was acting within the scope of her employment, to remove the case to federal court, and to substitute itself as defendant. *See* 28 U.S.C. § 2679(d)(1)–(2), (4); *see also Osborn v. Haley*, 549 U.S. 225, 229–30 (2007) (explaining the removal process under the Westfall Act).

The United States, through the Attorney General, properly certified under the Westfall Act that Gittel was acting within the scope of her employment. This certification "conclusively establish[es] [the] scope of office or employment for purposes of removal" and "[u]pon certification . . . [the] action . . . shall be removed . . . to the district court of the United States for the district . . . embracing the place in which the action . . . is pending." 28 U.S.C.

---

[4] Where a party's notice of appeal is premature, this court may later acquire jurisdiction if (1) the district court subsequently disposes of all remaining claims and (2) the order appealed from would have been appealable if the district court had directed the entry of a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b). *Miller v. Gorski Wladyslaw Estate*, 547 F.3d 273, 277 n.1 (5th Cir. 2008). The district court order from which Barnes initially appealed would have been appealable had the district court directed the entry of final judgment under Rule 54(b), so we now have jurisdiction to review that order.

4

§ 2679(d)(2); *accord Osborn*, 549 U.S. at 231. "[O]nce certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." *Osborn*, 549 U.S. at 231. Because the Attorney General properly certified that Gittel was acting within the scope of her employment, removal to the district court was proper, and that court committed no error in declining to remand the case to state court.

Barnes next argues that the district court erred by allowing the United States to be substituted as the party defendant under the Westfall Act. That Act provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of [her] . . . employment . . . any civil action or proceeding commenced upon such claim . . . shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). Although certification by the Attorney General conclusively establishes that an employee was acting within the scope of her employment for the purposes of removal jurisdiction, "[f]or purposes of substitution . . . the certification is judicially reviewable." *White v. United States*, 419 F. App'x 439, 442 (5th Cir. 2011) (unpublished) (citing *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434–36 (1995)). "We review the district court's legal conclusions of . . . scope-of-employment issue[s] de novo," and "[a] plaintiff who challenges the Government's certification has the burden to prove that the employee's conduct was not within the scope of [her] employment." *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003).

We agree with the district court that Barnes failed to carry her burden in challenging the certification. In arguing that Gittel engaged in conduct beyond the scope of her employment, Barnes pointed to only her own speculative assertions of conspiracy. However, as the magistrate judge

correctly noted, a Census Bureau incident report and state court records show that Gittel was working as a Census Bureau enumerator when Barnes assaulted her. Given the evidence before it, the district court committed no error in rejecting Barnes's speculations when it concluded that Gittel was acting within the scope of her employment and substituted the United States as the party defendant.[5] *See White*, 419 F. App'x at 443 ("[The plaintiff's] speculative allegations do not meet this burden.").

Given that Barnes's case was properly in federal court and that the United States was properly substituted as the party defendant, we turn to Barnes's argument that the district court improperly dismissed her claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). When reviewing a district court's dismissal for lack of subject matter jurisdiction, we review that court's legal conclusions *de novo* and its factual findings for clear error. *Young v. United States*, 727 F.3d 444, 446 (5th Cir. 2013).

Following certification, removal, and substitution, an action subject to the Westfall Act proceeds as an action against the United States under the FTCA and is subject to the FTCA's "limitations and exceptions." 28 U.S.C. § 2679(d)(4). Under the FTCA, "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). This "requirement is a prerequisite to suit under the FTCA." *Life Partners Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011). Barnes has not presented

---

[5] The Supreme Court has instructed that "[i]mmunity-related issues [such as that at issue here] . . . should be decided at the earliest opportunity." *Osborn*, 549 U.S. at 253. Given this guidance and the speculative and conclusory nature of Barnes's assertions in challenging the certification, the district court did not err in ruling on Barnes's challenge without holding an evidentiary hearing.

No. 15-50729

an administrative claim to any federal agency.  Because Barnes has not satisfied the FTCA's "jurisdictional prerequisite," the district court properly dismissed her claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[6] *Barber v. United States*, No. 15-60614, 2016 WL 1253819, at *1 (5th Cir. Mar. 30, 2016) (citing *Cook v. United States*, 978 F.2d 164, 165–66 (5th Cir. 1992)).

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[6] Barnes also ostensibly challenges the district court's refusal to disqualify the magistrate judge in this case.  However, her opening brief contains no discernable argument on this point, so she has waived it. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (stating that arguments are abandoned by "failing to argue them in the body of [the] brief"); *see also Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) ("[E]ven pro se litigants must brief arguments in order to preserve them.").