# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60608

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2018

Lyle W. Cayce
Clerk

KARLENE GILMORE,

Plaintiff-Appellant

v.

STATE OF MISSISSIPPI; MISSISSIPPI MILITARY DEPARTMENT; GREGORY MICHEL, Individually; UNITED STATES OF AMERICA,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi

Before DAVIS, JONES, and ENGELHARDT, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Karlene Gilmore's lawsuit against the Installation Commander of Camp Shelby Joint Forces Training Center in Mississippi was dismissed and her remand motion denied based on the district court's conclusion that Colonel Michel, a member of the Mississippi National Guard, is a federal employee shielded by the Westfall Act from individual liability. 28 U.S.C. § 2679(d). We **AFFIRM**.

## BACKGROUND

Karlene Gilmore ("Gilmore") was a civilian employed by the Mississippi Military Department at the All Ranks Club on Camp Shelby in Forrest County, Mississippi. In early 2017, Gilmore sued the State of Mississippi, the

No. 17-60608

Mississippi Military Department (collectively, "State Appellees"), and Colonel Gregory Michel ("Michel"), her supervisor at the All Ranks Club, for wrongful suspension and termination because she reported criminal acts of another employee, Raven Fairley ("Fairley"), to Michel, who had a close relationship with Fairley.  Gilmore alleged that Fairley was stealing and giving away alcohol in violation of state law.  When Gilmore reported Fairley's acts to Michel in October 2015, she was instructed to gather more evidence, witness statements, and video footage.  Cameras installed in the All Ranks Club captured Fairley's actions, but Gilmore was told that she needed more evidence.  She gathered more statements and evidence, but Michel allegedly instructed her to stop "counseling and reprimanding" Fairley.  Gilmore formally requested Fairley's termination on or about January 27, 2016.

Gilmore alleged that her work environment became increasingly hostile following this request, and Michel attempted to have her fired before she was finally suspended and terminated.  Consequently, she alleges wrongful discharge for reporting criminal acts of another to her employer.

Acting on Michel's behalf, the United States removed the action to federal court pursuant to 28 U.S.C. § 1442, 1442(a), and the Westfall Act, 28 U.S.C. § 2679(d)(2).  The government moved to substitute the United States as a defendant in place of Michel pursuant to the Westfall Act and accompanied its motion with a "Certification of Scope of Employment Under 28 U.S.C. § 2679(d)," executed by the acting United States Attorney for the Southern District of Mississippi.  The certification stated that Michel was acting within the course and scope of his employment as an active guard reserve soldier in the Mississippi Army National Guard serving under Title 32 military orders at the time of the alleged conduct.  The government also filed a declaration by Colonel Amos P. Parker, Jr. ("Parker") of the Mississippi

2

No. 17-60608

National Guard, who also serves as the chief of staff for the Adjutant General of the Mississippi National Guard, which stated that Michel was acting in the course and scope of his official military duties with the Mississippi National Guard as the installation commander for the Camp Shelby Joint Forces Training Center for the entirety of the relevant time period. Ordinarily, such certifications are deemed conclusive in favor of removal. *See* 28 U.S.C. § 2679(d)(2).

Gilmore contested, however, that Michel could claim the status of a federal employee in his dealings with her employment and sought remand to state court. The State Appellees filed motions to dismiss based, *inter alia*, on state sovereign immunity.[1] The federal government also moved to dismiss for lack of subject matter jurisdiction arising from Gilmore's failure to comply with the pre-suit requirements of the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2671, *et seq*.

The district court initially denied the United States' motion to substitute and granted Gilmore's motion to remand, but upon reconsideration, it reversed course. The district court explained that its previous order relied upon the government's "bare statement" in its original memorandum that Michel was a federal employee as defined by 28 U.S.C. § 2671. The government had cured this deficiency by subsequently elaborating that Michel was a federal employee under 32 U.S.C. § 502(f)(1), which states that "a member of the National Guard may . . . be ordered to perform training or other duty in addition to that prescribed under subsection (a)." Colonel Parker's declaration reinforced that Colonel Michel's position as installation commander was assigned to him

---

[1] The district court subsequently granted the State Appellees' motion because the State had not waived its Eleventh Amendment immunity from money damages in federal court. That order has not been briefed on appeal and is waived. *See N.W. Enters., Inc. v. City of Houston*, 352 F.3d 162, 185 (5th Cir. 2003).

pursuant to Section 502(f) and included the "obligation to oversee non-appropriated fund instrumentalities" such as the All Ranks Club. Therefore, the court concluded that Michel was a federal employee acting within the scope of his employment, and under 28 U.S.C. § 2679(b)(1), Gilmore's only remedy is a suit against the United States. The district court then granted the government's motion to dismiss Gilmore's suit for lack of subject matter jurisdiction because she had not filed an administrative claim as required by the FTCA.

The district court entered judgment in favor of all defendants on August 9, 2017. Gilmore timely appealed.

## STANDARD OF REVIEW

This court reviews *de novo* issues of subject matter jurisdiction, including a district court's denial of a motion to remand. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 384 (5th Cir. 2009). Similarly, we review *de novo* whether an individual is an employee of the government as defined by the Federal Tort Claims Act. *Peacock v. United States*, 597 F.3d 654, 659 (5th Cir. 2010). "We review the district court's legal conclusions of the scope-of-employment issue *de novo*." *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003).

## DISCUSSION

Gilmore challenges on appeal the propositions that Michel was a "federal employee" and that the government's certification of his status met the Westfall Act standards. The Westfall Act protects "employees of the [federal] government," 28 U.S.C. § 2671, from tort suits filed because of actions taken in the course and scope of their employment, and to that end authorizes removal of such lawsuits to federal court and the substitution of the federal government as a defendant pursuant to the FTCA. Although National Guard members do not normally fall within the definition of "federal employees," they

are covered by the Westfall Act when "engaged in . . . duty under section . . . 502 . . . of title 32." 28 U.S.C. § 2671.

Gilmore first argues that the district court erred by finding that Michel was a federal employee under 32 U.S.C. § 502(f) and that Michel was acting within the scope of his federal employment in managing the All Ranks Club. More specifically, Gilmore contends that Section 502(f) does not apply to Michel's management of the All Ranks because it only applies to "[s]upport of training operations and training missions . . . to the extent that such training missions and training operations . . . are only to instruct active duty military, foreign military . . . , Department of Defense contractor personnel, or Department of Defense civilian employees." 32 U.S.C. § 502(f)(2). Because Gilmore herself is neither in the military, nor a Department of Defense contractor or civilian employee, she argues that Section 502(f) does not apply to Michel's actions as they relate to her supervision. We disagree.

The text of Section 502(f) and the full description of Michel's duties compel the conclusion that Michel was a federal employee whose management of the All Ranks Club was within the scope of his federal employment. Section 502(f)(1) states that "a member of the National Guard may . . . be ordered to perform training *or other duty* in addition to that prescribed under subsection (a)." 32 U.S.C. § 502(f)(1) (emphasis added). The Ninth Circuit has noted that the scope of this phrasing is inherently broad. *Jackson v. Tate,* 648 F.3d 729, 736 (9th Cir. 2011)("Subsection 502(f)(1) of title 32 places a broad swath of National Guard activity within the scope of federal employment for purposes of the Westfall Act, because it covers 'training or other duty' that a guardsman may be ordered to perform '[u]nder regulations to be prescribed by the Secretary of the Army . . . .'").

The training or duty ordered to be performed under paragraph (1) may include the following:

(A)     Support of operations or missions undertaken by the member's unit at the request of the President or Secretary of Defense.

(B)     Support of training operations and training missions assigned in whole or in part to the National Guard by the Secretary concerned, but only to the extent that such training missions and training operations—

(i) are performed in the United States or the Commonwealth of Puerto Rico or possessions of the United States; and

(ii) are only to instruct active duty military, foreign military (under the same authorities and restrictions applicable to active duty troops), Department of Defense contractor personnel, or Department of Defense civilian employees.

32 U.S.C. § 502(f)(2).

Gilmore contends that Section 502(f)'s language limits the scope of "training missions and training operations" in two ways: those (a) involving active duty military, foreign military, Department of Defense contractors, and Department of Defense civilian employees, and (b) *not* the *support* thereof. Such limitations are inconsistent with the uncontested facts in this case and the overall scope of Section 502(f), which is not designed to limit but to enhance the National Guard's frame of actions.   Colonel Parker's declaration thus explains in detail both Colonel Michel's responsibilities as an installation commander prescribed by Army Regulation 600-20, "Army Command Policy," and the position description for Installation Commander/Management GS-0340-13.  The position description states:

> The primary purpose of this position is to serve as the Training Center Manager with responsibility for all operational aspects of training management in support of national defense initiatives and missions.  This requires critical support to the full mobilization of troops that are activated, trained, certified and

deployed for the war fight. This position is comparable to a directorate level, command position and complicated by the many facets of the training center program and mission. *The incumbent manages personnel that are involved in professional, technical, trades, and administrative positions; and includes dual status and nondual status federal employees, state employees, contractors, full time AGR and traditional guard personnel.* The training center may also support several tenant units, ARNO support facilities, and other non-ARNO activities. Management and executive knowledge and ability are the paramount qualification requirements and there are no requirements for specialized qualifications in a subject-matter or functional area. [Emphasis added].

Moreover, Camp Shelby is a joint training site not only for Active and Reserve Army units, but also for the Air Force, Navy, and Marines. As installation commander, Colonel Michel's responsibilities support national defense initiatives and missions, and he plainly serves in a managerial role over the entire base, including management of state employees like those of the All Ranks Club on Camp Shelby.

The fact that Gilmore was technically a state employee did not take her outside the purview of Michel's supervision, because neither Section 502(f) nor enabling regulations draw such a distinction. Further, the All Ranks Club is quintessentially a facility whose purpose is to uphold the morale, welfare, and recreation of military personnel. *See* Army Regulation 215-1, Ch. 4, Sections 4-1, 4-2 (Sept. 24, 2010). Relatedly, Gilmore acknowledges that Colonel Michel's supervision of a medical facility, mess hall, or any other type of support facility would fall within title 32. Accordingly, the district court did not err by finding that Michel was a federal employee under 32 U.S.C. § 502(f) and 28 U.S.C. § 26781.

Gilmore also argues that both the acting United States Attorney's Certification and Colonel Parker's declaration should be disregarded for

purposes of establishing that Michel was acting within the scope of his federal employment because the documents are "vague and wholly conclusory." This position is untenable.

The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229, 127 S. Ct. 881, 887 (2007) (citing 28 U.S.C. § 2679(b)(1)). The Act authorizes the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Id.* at 229-30, 127 S. Ct. at 887-88 (citing 28 U.S.C. § 2679(d)(1), (2)). Such certification "is conclusive for purposes of removal . . . ." *Id.* at 225, 127 S. Ct. at 884. Upon proper certification, the action "shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1); *see also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420, 115 S. Ct. 2227, 2229 (1995) ("Upon certification, the employee is dismissed from the action and the United States is substituted as defendant. The case then falls under the governance of the Federal Tort Claims Act . . . ."). The Supreme Court has acknowledged that it is customary for such certifications to state no reasons for their determinations. *Id.* at 421, 115 S. Ct. at 2230. The district court appropriately credited the certifications made here when it decided to substitute the United States as the party defendant in Michel's place and deny remand.

Gilmore's Notice of Appeal indicates that she also would appeal the district court's order granting the Defendants' motions to dismiss. It is uncontested that she did not prefile her claim concerning Michel as required by the FTCA, and her brief does not address this issue. By failing to brief this

No. 17-60608

issue, Gilmore waived it. *See N.W. Enters., Inc. v. City of Houston*, 352 F.3d 162, 185 (5th Cir. 2003).

## CONCLUSION

For the foregoing reasons, we **AFFIRM**.