# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40421
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 16, 2019

Lyle W. Cayce
Clerk

SHERI W. HEAD, Individually, and in her Capacity as Independent Executrix of the Estate of William Washington Head, Jr., Deceased; HAYLEE HEAD,

> Plaintiffs - Appellants

v.

LAS VEGAS SANDS, LIMITED LIABILITY CORPORATION, doing business as The Venetian Resort Hotel Casino/The Palazzo Resort Hotel Casino; DESERT PALACE, INCORPORATED, doing business as Caesar's Palace, Desert Palace Limited Liability Corporation, Harvey's Tahoe Management Company, Incorporated, doing business as Harrah's Casino Hotel Lake Tahoe and Caesars Entertainment Corporation; MGM GRAND HOTEL, LIMITED LIABILITY CORPORATION; MGM RESORTS INTERNATIONAL,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC. No. 7:17-CV-426

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40421

Plaintiff-Appellants, Sheri W. Head and Haylee Head (collectively, "Head"), appeal the district court's judgments denying their motion to remand and granting Defendant-Appellees' motions to dismiss for lack of personal jurisdiction. For the following reasons, we affirm.

## I. Factual & Procedural Background

Defendants-Appellees in this case are Las Vegas Sands, LLC d/b/a the Venetian Resort Hotel Casino/the Palazzo Resort Hotel Casino, MGM Grand Hotel, LLC, MGM Resorts International, Desert Palace, Inc., d/b/a/ Caesar's Palace, Desert Palace LLC, Harvey's Tahoe Management Company, Inc., d/b/a Harrah's Casino Hotel Lake Tahoe, and Caesars Entertainment Corporation (collectively referred to as the "Casino Defendants"). This action arose after William Head, Jr. ("William"), a longtime high-stakes Las Vegas gambler, committed suicide after incurring significant debt. Head alleges that the Casino Defendants lured William into debt by enticing him to gamble in Las Vegas. Head alleges that the enticements included large lines of credit, over $1 million dollars of "customer retention" rebates, free first-class travel, luxurious accommodations, luxury items, vacations, food, and beverages. According to Head, the Casino Defendants, although aware of William's gambling losses, continued to extend lines of credit to him, thereby creating additional debt on top of his already existing debt. Head claims that William's deep debt resulted in his psychological distress and ultimate suicide.

After his death, William's estate entered probate in the Hidalgo County Probate Court. The Casino Defendants filed suit against the estate, seeking to recoup the debt they alleged William owed them. William's heirs then filed this action against the Casino Defendants and Mortensen Investments, Ltd. ("Mortensen") alleging wrongful death and intentional infliction of emotional

distress under the Texas survival statute.[1] The Casino Defendants removed the case to the U.S. District Court for the Southern District of Texas, asserting diversity jurisdiction under 28 U.S.C. § 1332. Head filed a motion to remand on grounds that the plaintiffs and Mortensen were both residents of Texas, and thus, complete diversity did not exist.[2]

The district court denied Head's motion to remand on grounds that Mortensen had been improperly joined as a defendant in the suit. Shortly thereafter, the Casino Defendants filed Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The district court granted the motions and dismissed the suit without prejudice, concluding that Head had failed to establish a prima facie case of personal jurisdiction. Head filed this appeal.

## II. Standard of Review

"This court reviews *de novo* issues of subject matter jurisdiction, including a district court's denial of a motion to remand." *Gilmore v. Mississippi*, 905 F.3d 781, 784 (5th Cir. 2018) (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 384 (5th Cir. 2009)). We also "review[] de novo a district court's determination that it lacks personal jurisdiction." *Sangha v. Navig8 ShipManagement Private, Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (citations omitted).

## III. Discussion

On appeal, Head argues that: (1) the district court erred in denying her motion to remand and in finding that Mortensen had been improperly joined as a defendant in the suit; and (2) the district court erred in granting the

---

[1] Pursuant to the Texas Survival Statute, an "action survives to and in favor of the heirs, legal representatives, and estate of the injured person." Tex. Civ. Prac. & Rem. Code Ann. § 71.021(b).

[2] The parties did not dispute that the suit involved an amount in controversy sufficient to satisfy 28 U.S.C. § 1332.

No. 18-40421

Casino Defendants' motions to dismiss for lack of personal jurisdiction. We disagree.

A. *Motion to Remand & Improper Joinder*

In a well-reasoned and detailed opinion denying Head's motion to remand, the district court properly concluded that she had failed to state a claim against Mortensen that would survive the Rule 12(b)(6) standard because she only provided evidence that Mortensen loaned William money. *See* Fed. R. Civ. P. 12(b)(6). As the district court observed, Head failed to identify a duty owed by Mortensen to William to establish a negligence claim since she failed to provide any evidence pertaining to their relationship other than her allegation that Mortensen extended two loans to Williams. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) ("To establish negligence, a party must establish a duty, a breach of that duty, and damages proximately caused by the breach."). Additionally, because the only evidence Head presented involved Mortensen's two loans to William, Head also failed to establish that Mortensen acted intentionally or recklessly to cause William's distress or that his conduct rose to the level of being extreme or outrageous. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (noting that to prove intentional infliction of emotional distress, a plaintiff must establish that: "1) the defendant acted intentionally or recklessly, 2) the conduct was extreme and outrageous, 3) the actions of the defendant caused the plaintiff emotional distress, and 4) the emotional distress suffered by the plaintiff was severe").

On these facts, the district court properly concluded that Mortensen had been improperly joined as a defendant. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (holding that improper joinder may occur when the plaintiff fails to establish a cause of action against a non-diverse party in state court). Likewise, the district court did not err in denying Head's motion to remand. *Gilmore*, 905 F.3d at 784.

4

No. 18-40421

B. *Motion to Dismiss for Lack of Personal Jurisdiction*

The district court issued a second lengthy and detailed opinion properly granting the Casino Defendants' motions to dismiss for lack of personal jurisdiction. "'Minimum contacts' can give rise to either specific jurisdiction or general jurisdiction." *Sangha*, 882 F.3d at 101 (quoting *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)). Specific jurisdiction exists "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (citation omitted). As the district court observed, Head's claims for specific jurisdiction rested on the "lone allegation that [the Casino] Defendants sent jets to Texas for [William] an undisclosed number of times." This allegation does not amount to a showing that the Casino Defendants purposefully directed their activities to the state of Texas or that William's death and the subsequent litigation herein resulted from the jet transport. Further, Head's vague and generalized assertion that the Casino Defendants sent jets to Texas an undetermined number of times to transport her husband to Las Vegas does not comport with applicable caselaw that requires plaintiffs to submit evidence supporting personal jurisdiction over each defendant without grouping them together. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually.").

The district court also properly concluded that Head failed to present evidence establishing a prima facie case of general jurisdiction. "A court may assert general jurisdiction over [non-resident defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Sangha*, 882 F.3d at 101. As the district court observed, the Casino Defendants are not Texas residents and the corporate defendants are not incorporated in

Texas and do not have their principle place of business in Texas. Likewise, no evidence was presented showing that the Casino Defendants conducted "continuous and systematic" business activities in Texas that would rise to the level of rendering them "at home" in Texas.[3] *Id.*

The district court properly granted the Casino Defendants' motions to dismiss for lack of personal jurisdiction. *Id.*

## IV. Conclusion

For the aforementioned reasons, we affirm the judgments of the district court denying Head's motion to remand and granting the Casino Defendants' motions to dismiss for lack of personal jurisdiction.

---

[3] Head points to the Casino Defendants' website presence which, although exists in Texas, presumably exists nationwide as well. As the district court correctly reasoned, the Fifth Circuit has rejected the argument that a defendant's internet presence within a forum state supports general jurisdiction. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (reasoning that the defendant's website presence merely indicated that it may have done business *with* the forum state rather than *in* the forum state and thus a finding of general jurisdiction was not supported).