**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 92-4553
Summary Calendar

STEPHEN A. COOK,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
o/b/o U.S. Department of
Labor, U.S. Occupational
Safety & Health Administration,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana

(November 2, 1992)

Before KING, DAVIS and WIENER, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Stephen A. Cook appeals the dismissal of his Federal Torts Claims Act (FTCA) suit for failure to furnish sufficient and timely notice to the Occupational Safety & Health Administration (OSHA) of his claim against that agency. Finding no reversible error by the district court, we affirm.

## FACTS AND PROCEEDINGS

In November 1987 Cook complained to OSHA about alleged violations by his employer, the United States Postal Service. Thereafter, alleges Cook, an OSHA employee negligently revealed Cook's name to the postal service. Cook insists that, as a result of that disclosure, he was subjected to mental harassment and retaliatory employment practices, beginning in February 1988. Cook's pleadings are unclear as to how long the retaliatory practices lasted, but he alleges that he retired from the postal service on December 17, 1988.

Cook subsequently sent OSHA a Standard Form 95, generally describing his claim against that agency. OSHA does not appear to have taken action on the claim. In August 1989 Cook filed an FTCA suit. The court dismissed the suit without prejudice in July 1990 for failure properly to present an administrative claim. Cook did not appeal that dismissal.

Prior to that dismissal, however, Cook had filed an additional Form 95 with OSHA, again generally describing his claim. OSHA denied this claim on December 17, 1990.

In June 1991 Cook filed a second FTCA suit. The government moved to dismiss the suit pursuant to Fed.R.Civ.P. 12(b)(1), (2), (3), and (6), pleading that the suit was barred by Cook's failure to file an administrative claim within two years from the date of injury as required by 28 U.S.C. § 2401(b). The district court granted the motion for Cook's failure to provide OSHA sufficient

information for it to begin investigating his claim.

## II

## ANALYSIS

Under the FTCA, a plaintiff must give notice of his claim to the appropriate federal agency. 28 U.S.C. § 2675(a); <u>Transco Leasing Corp. v. United States</u>, 896 F.2d 1435, 1441, <u>amended on other grounds</u>, 905 F.2d 61 (5th Cir. 1990). Furnishing notice is a jurisdictional prerequisite to filing suit under the FTCA. <u>Id.</u> A claimant gives proper notice within the meaning of § 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim. <u>Id.</u> at 1442. No particular method of giving notice is required. <u>Williams v. United States</u>, 693 F.2d 555, 557 (5th Cir. 1982); <u>Crow v. United States</u>, 631 F.2d 28, 30 (5th Cir. 1980). The usual method, however, is by filing a Form 95 with the agency. <u>Id.</u>

A plaintiff waives his claim if he fails to 1) notify the agency in writing about his claim within two years after the claim accrues, or 2) file suit within six months after the agency denies his claim. 28 U.S.C. § 2401(b).

In the first Form 95 that Cook filed with OSHA, he stated the dollar amount of his claim, but failed to provide any specific information about his claim. For example, he did not indicate 1) to which OSHA office he complained about the postal service's alleged OSHA violations; 2) at which location the postal service was violating OSHA regulations; 3) the date he complained to OSHA; or 4) when OSHA revealed his name to the postal service. Cook also

3

failed to identify the person to whom he reported the violations or the name of his immediate supervisor at the postal service. Moreover, in the complaint filed to initiate his first suit, Cook failed to include any specific information; he simply provided a general account of the incident.

As support for his position, Cook relies heavily on Williams v. United States, 693 F.2d 555 (5th Cir. 1982). In that case we found that the government received sufficiently detailed information about the claim from the information contained in a state-court complaint and in a timely filed Form 95. 693 F.2d at 558. Here, Cook similarly filed a Form 95 with the appropriate federal agency and sued the United States within two years after his claim accrued. Unlike Williams, however, Cook failed to provide specific information about his claim in the Form 95 or in his complaint. Williams, therefore, is factually distinguishable.

Not until the second suit, which Cook filed more than two years after his claim accrued, did he provide OSHA with specific information about his claim. In the second complaint he alleged that a Mr. Gross from OSHA admitted that someone from the postal service must have read Cook's complaint while it was on his desk. Cook also alleged that a Mr. Vicknair was the postal service safety officer who confronted him about the complaint to OSHA; and Cook indicated that Paul Hansen, OSHA Area Director, sent him a letter admitting that someone from the postal service had observed Cook's complaint on Gross's desk. Cook also provided dates of relevant events.

Even though the requirements of § 2675 are minimal, an FTCA claimant must nonetheless provide facts sufficient to allow his claim to be investigated and must do so in a timely manner. Accordingly, we find that Cook failed to satisfy the requirements of § 2675 because he did not timely provide sufficiently specific information to OSHA about his claim. See Montoya v. United States, 841 F.2d 102, 104 (5th Cir. 1988) (notice given not sufficiently specific). The district court's dismissal of Cook's complaint is AFFIRMED.