IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-10178
Summary Calendar

_____

GEORGE ROBINSON,

Plaintiff-Appellant,

versus

JOE T. CHAVEZ, U.S. Deputy Marshal;
JOHN DOE, Joe Chavez's Supervisor's
Supervisor; D. W. BRANSOM,
Chief U.S. Marshal,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 3:98-CV-1205-R

_____

November 28, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

George Benjamin Robinson, federal prisoner No. 16831-034, appeals the district court's denial of his FED. R. CIV. P. 60(b) motion for relief from judgment. Robinson filed a <u>Bivens</u>[1] complaint against U.S. Deputy Marshal Joe T. Chavez; "John Doe"

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]See <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

defendants identified as Chavez's immediate supervisor and the supervisor's immediate superior; and D. W. Bransom, Chief U.S. Marshal for the Northern District of Texas, Dallas Division. Robinson alleged that Deputy Marshal Chavez subjected Robinson to excessive force, and the other defendants knowingly lied to federal prison authorities in order to protect Deputy Marshal Chavez. The defendants filed a "Pre-Answer Motion to Dismiss" in which they argued that Robinson's complaint should be dismissed based on his failure to comply with a scheduling order and, in the alternative, that the complaint should be dismissed on the merits. The motion was unsupported by record evidence. The district court dismissed the complaint "for the reasons stated in the [`Pre-Answer Motion to Dismiss'] and for want of prosecution by the Plaintiff." Robinson did not file a direct appeal, but he filed a motion for Rule 60(b) relief. The district court denied this motion.

This court reviews the denial of a Rule 60(b) motion for an abuse of discretion and we will not grant relief unless the denial of the motion was so unwarranted as to constitute an abuse of discretion. Travelers Ins. Co. v. Liljeberg Enter., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994); Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

We hold that the dismissal of the complaint for failure to prosecute due to Robinson's relatively short delay in filing a

response to the defendants' motion was an abuse of discretion. See Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992).

We have reviewed the arguments proffered by the defendants in their "Pre-Answer Motion to Dismiss" and we find no error in the district court's dismissal of Robinson's official capacity claims against the defendants. Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999). However, our review of the record discloses no factual or legal basis to support the district court's grant of the motion to dismiss with regard to Robinson's claims against the defendants in their individual capacities.

Although federal prisoners are required to exhaust available administrative remedies prior to filing a Bivens complaint, see Whitley v. Hunt, 158 F.3d 882, 884-85, 887 (5th Cir. 1998), the record indicates that it is at least arguable that Robinson exhausted his administrative remedies prior to filing suit. Cook v. United States ex rel. U.S. Dept. of Labor, 978 F.2d 164, 166 (5th Cir. 1992). Additionally, we note that it is also arguable that the administrative remedy requirement does not apply in this case because such relief would be futile. Whitley, 158 F.3d at 887 (5th Cir. 1998).

Based on the record evidence, the defendants' assertions that Robinson's complaint failed to allege a constitutional violation

and, in the alternative, that they are entitled to qualified immunity are frivolous.  As Robinson's complaint alleged active misconduct by Chief Marshal Bransom, he was not entitled to dismissal of the claims against him based on the theory of respondeat superior.

Accordingly, we AFFIRM the dismissal of the claims against the defendants in their official capacities, VACATE the dismissal of the claims against the defendants in their individual capacities, and REMAND to the district court for consideration on the merits.

AFFIRMED in part, VACATED and REMANDED in part.