# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3706

_____

Haley Wheeler

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: July 16, 2014
Filed: July 18, 2014
[Unpublished]

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Haley Wheeler appeals the dismissal of her Federal Tort Claims Act (FTCA) claim for lack of subject matter jurisdiction. The district court[1] held that Wheeler

_____

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

failed to exhaust her administrative remedies, as required by 28 U.S.C. § 2675(a). The United States Army, the relevant agency, never received an administrative claim from her. Wheeler argues that the evidence was sufficient to prove the Army received her claim and that the court did not fully develop the record.

This court reviews factual jurisdiction attacks for clear error. *See Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). The district court's findings are not clearly erroneous. *See United States v. Black Bear*, 542 F.3d 249, 252 (8th Cir. 2008) (under clear-error review, court may reverse only if it has definite and firm conviction that district court was mistaken). Army claims-processors attested that the Army did not receive an administrative claim from Wheeler. The court reasonably concluded that Wheeler's evidence—including a telefax-report sheet reflecting that a claim telefaxed to a particular number had been "completed"—left unresolved too many variables as to actual receipt by the proper party. *See Bellecourt*, 994 F.2d at 430 (presentment of administrative claim is jurisdictional and must be pleaded and proven by FTCA claimant; FTCA conditions will be narrowly construed); *Bailey v. United States*, 642 F.2d 344, 347 (9th Cir. 1981) (mailing FTCA claim to agency by regular mail, rather than certified or registered mail, did not prove receipt). Wheeler had the burden to prove the Army received her claim and absent such proof, the court lacked jurisdiction. *See Mader v. United States*, 654 F.3d 794, 807 (8th Cir. 2011) (en banc). The district court did not err by ruling on the evidence before it. *See Flores v. United States*, 689 F.3d 894, 900 (8th Cir. 2012) (to extent district court must resolve factual disputes to determine jurisdiction, court is free to weigh evidence and satisfy itself as to its power to hear case).

The judgment is affirmed.

_____