# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2021

Lyle W. Cayce
Clerk

No. 19-41061
Summary Calendar

Erwin Eugene Semien,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
No. 1:18-CV-512

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Erwin Semien, federal prisoner #05695-078, appeals the dismissal, for want of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), of his complaint per the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Semien maintains that the district court erred in determining that it

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

lacked jurisdiction because he failed to exhaust his administrative claim that a prison employee negligently caused his shoulder injury and the persons responsible for his medical care were not government employees.

We review *de novo* a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). As a jurisdictional prerequisite under the FTCA, a claimant must exhaust his claim administratively before suing by giving notice of the claim to the appropriate federal agency. § 2675(a); *Cook v. United States ex rel. United States Dep't of Labor*, 978 F.2d 164, 165–66 (5th Cir. 1992). An administrative grievance must contain sufficient detail to give prison officials fair notice of the problem that will form the basis of the intended lawsuit plus an opportunity to address the problem. *Johnson v. Johnson*, 385 F.3d 503, 516–17 (5th Cir. 2004).

When making an administrative claim, a plaintiff is not required to enumerate legal theories of recovery specifically. *Life Partners Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011). "As long as the Government's investigation of [the] claim should have revealed theories of liability other than those specifically enumerated therein, those theories can properly be considered part of the claim." *Id.* (internal quotation marks and citation omitted).

Semien's complaint alleged that while housed at FCC Beaumont, he suffered a torn rotator cuff when he fell from a broken chair that the Bureau of Prisons ("BOP") negligently failed to maintain. His administrative claim, however, urged claims concerning injury caused by negligent medical care. The administrative claim failed to provide sufficient facts to alert the BOP of the negligence of a prison employee with regard to the chair or to allow for the investigation of such a claim. *See Johnson v. Johnson*, 385 F.3d 503, 516–17 (5th Cir. 2004). The district court therefore did not err in concluding

that Semien had failed to exhaust his claim that the chair had been negligently maintained.

Semien contends that the district court erred in finding that none of his medical treatment was provided by government employees. The FTCA provides for a waiver of the United States' immunity from suit for those claims regarding "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." § 2679(b)(1). Although the United States has consented to be sued under the FTCA, such consent does not extend to the acts of independent contractors. *See Broussard v. United States*, 989 F.2d 171, 174 (5th Cir. 1993). The critical factor in determining whether an individual is an employee of the government or of an independent contractor is the power of the government to control that person's detailed physical performance. *See Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998).

The government produced affidavit testimony that medical care at FCC Beaumont was provided by an independent contractor, League Medical Concepts, LLC ("LMC"), under a comprehensive managed health care contract; no BOP personnel provided medical care to Semien at FCC Beaumont. *See Den Norske Stats Oljeselskap As v. HeereMac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001); *Menchaca v. Chrysler Credit Corp.* 613 F.2d 507, 511 (5th Cir. 1980). Semien has produced no competing evidence that the contract permitted the BOP to control the detailed performance of LMC or its employees such that the district court's finding was erroneous. *See Linkous*, 142 F.3d at 275.

Semien's contention that the district court impermissibly reached the merits of his tort claim is incorrect. The finding regarding the status of LMC as an independent contractor went to the issue of jurisdiction insofar as the

government's immunity from suit does not extend to the acts of independent contractors, *see Broussard*, 989 F.2d at 174, and dismissal for lack of subject matter jurisdiction is not a determination on the merits of the underlying tort claim, *see Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Although Semien posits, for the first time on appeal, that the United States is liable for knowingly and willfully placing him in the substandard care of independent contractors, "[a]rguments not raised before the district court are waived and cannot be raised for the first time on appeal." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

Semien contends that the district court abused its discretion in denying his two requests for appointment of counsel. We review for abuse of discretion the denial of a motion for appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). An FTCA complainant "has no right to the automatic appointment of counsel." *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). An indigent plaintiff is not entitled to the appointment of counsel unless the case presents exceptional circumstances. *Id.* The existence of exceptional circumstances depends on the type and complexity of the case and the abilities of the person litigating it. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Our review of the pleadings in this routine negligence case establishes that Semien was not unduly hindered in presenting his case without counsel and, therefore, that the district court did not abuse its discretion. *See Ulmer*, 691 F.2d at 213.

AFFIRMED.