# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-30609

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2025

Lyle W. Cayce
Clerk

Perry Spriggs,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-741

———————————————————————

Before Dennis, Haynes, and Engelhardt, *Circuit Judges*.
James L. Dennis, *Circuit Judge*:

A facsimile confirmation sheet stating successful transmission to the correct recipient is probative evidence that the Federal Tort Claims Act (FTCA)'s presentment requirement has been satisfied. Because the district court disregarded the fax confirmation evidence, we VACATE the district court's judgment and REMAND for further proceedings not inconsistent with this opinion.

No. 24-30609

I

A U.S. Postal Service vehicle struck Plaintiff-Appellant Perry Spriggs while he rode his bicycle on Calliope Street in New Orleans on March 23, 2022. On March 23, 2023, Spriggs faxed to the Postal Service his medical records and a signed Standard Form 95 (SF-95), which is a standardized form used to present claims against the United States under the FTCA for property damage, personal injury, or death allegedly caused by a federal employee's negligence. Spriggs addressed his fax to the attention of Tara D. Lennix, a Louisiana District Tort Claims/Collections Specialist for the Postal Service, and sent it to (504) 589-1716, the correct fax number. Spriggs received a fax confirmation stating "[s]uccessful transmission to 15045891716" and "[y]our fax was successfully sent."

A year later, on March 22, 2024, Spriggs filed a lawsuit against the United States alleging personal injury and property damage resulting from the Calliope accident. The United States filed a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss, arguing that the Postal Service never received Spriggs's SF-95 or any other "written notice of the claim sufficient to enable investigation, and [] value of the claim" as required by the FTCA. The United States attached to its motion two declarations: one from Kimberly Herbst and another from Tara Lennix. Herbst, a manager of the Postal Service's Tort Program, declared that she had "conducted a search of all Postal Service Law Department records of administrative tort claims submitted . . . by . . . Perry Spriggs" and located nothing. Lennix, the Postal Service employee to whom Spriggs addressed his fax, declared that she shares her "fax machine with five or six other [Postal Service] employees" and "did not receive any fax related to Perry Spriggs." The district court granted the United States's Rule 12(b)(1) motion for lack of "affirmative evidence" of receipt and opted to dismiss Spriggs's claims with prejudice

2

pursuant to "Rule 12(b)(6) since the two-year statute of limitations for presentment to the agency . . . expired."[1] This timely appeal followed.

## II

A "district court . . . has the power to dismiss for lack of subject-matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "Which of these is the foundation of the district court's decision is relevant to appellate review . . . ." *Id.* Here, it is undisputed that the district court based its decision to dismiss for lack of subject matter jurisdiction on "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* Accordingly, we review questions of law de novo, *In re S. Recycling, LLC*, 982 F.3d 374, 379 (5th Cir. 2020), and the district court's findings on any disputed jurisdictional facts for clear error, *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023).

## III

Under the FTCA, a plaintiff must present his claim to the appropriate federal agency before filing suit. *See* 28 U.S.C. §§ 2675(a), 2401(b),

---

[1] The district court erred by dismissing Spriggs's claims with prejudice. Once the district court found presentment—a jurisdictional requirement—lacking, it should have dismissed the lawsuit *without prejudice* for lack of jurisdiction. *See, e.g.*, *Fort Bend Cnty. v. U.S. Army Corps of Eng'rs*, 59 F.4th 180, 188 (5th Cir. 2023) ("When reviewing a district court's grant of a Rule 12(b)(1) and a Rule 12(b)(6) motion to dismiss, we start with the jurisdictional challenge before addressing the challenge on the merits."); *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020), *as revised* (Dec. 30, 2020) ("A court's dismissal of a case resulting from a lack of subject matter jurisdiction is 'not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.'" (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

1346(b)(1); *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1441, *amended on other grounds*, 905 F.2d 61 (5th Cir. 1990); *McNeil v. United States*, 508 U.S. 106, 112 n.7 (1993). The FTCA itself does not specify the method by which a claim must be presented, but we know that "[a] claim is not presented until received." *Bailes v. United States*, 988 F.2d 1209, 1993 WL 82030, at *1 (5th Cir. 1993) (unpublished);[2] *see also* 39 C.F.R. § 912.5(a) ("[A] claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant . . . an executed Standard Form 95 . . . or other written notification of an incident . . . ."). We have recognized that presentment is a jurisdictional prerequisite. *Cook v. United States*, 978 F.2d 164, 165–66 (5th Cir. 1992). "Its purpose is 'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.'" *Life Partners Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011) (quoting *Frantz v. United States*, 29 F.3d 222, 224 (5th Cir. 1994)). Further, because presentment is a "condition[] upon which the government consents to be sued" under the FTCA's waiver of sovereign immunity, it "must be strictly construed in favor of the United States." *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 958 (5th Cir. 1991). Still, "the requirements of § 2675 are minimal." *Cook*, 978 F.2d at 166.

Here, the district court ruled that it "lack[ed] subject-matter jurisdiction over Spriggs's FTCA claim because he . . . presented no affirmative evidence that the [Postal Service] ever actually received his SF-95," reasoning that a fax confirmation is not probative evidence of receipt in light of *Barber v. United States*, 642 F. App'x 411 (5th Cir. 2016) (unpublished). We disagree with the district court's sweeping ruling and find

---

[2] *See* 5TH CIR. R. 47.5.3 ("Unpublished opinions issued before January 1, 1996, are precedent.").

*Barber* distinguishable. In *Barber*, a panel of our court in a summary calendar opinion found that a plaintiff's "evidence of mailing"—an affidavit from a receptionist that she had sent SF-95 by untrackable first-class mail—was not probative evidence that the plaintiff satisfied the FTCA's presentment requirement. *Id.* at 414; *cf. Bailes*, 1993 WL 82030 at *1 (holding that evidence of regular mailing does not show presentment).

But the instant case does not resemble *Barber*. Spriggs proffered a fax confirmation sheet addressed to the correct fax machine and to the attention of the correct Postal Service employee, not an affidavit from a sender's receptionist stating that she merely sent something off for mailing. Unlike evidence of ordinary, untrackable postal mailing, a fax confirmation sheet confirms successful transmission. "It is commonly understood that 'success' in this context means that the two fax machines have performed an electronic 'handshake' and that the data has been transmitted from one machine to the other." *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 478 (7th Cir. 2009). "'[O]ne significant advantage the fax has over other forms of data exchange is that the sender immediately knows if the transmission was successful. . . . [A]ll fax machines have the capability to print a fax confirmation sheet after each fax sent. This sheet confirms if the fax has been successfully transmitted . . . .'" *Id.* (quoting Information Security Management Handbook 277 (Harold F. Tipton et al., eds., 6th ed. 2008)).

Critically, district courts within our jurisdiction have unanimously found that Postal Service tracking information confirming successful transmission of a piece of mail to a physical mailing address is probative evidence of actual receipt. *See, e.g.*, *Progressive Cnty. Mut. Ins. Co. v. U.S. Customs & Border Prot.*, No. 22-CV-468, 2023 WL 9105545, at *7 (W.D. Tex. Nov. 17, 2023) (relying on Postal Service tracking information to find that the agency received an SF-95); *Powell v. Matthew*, No. 16-CV-1654, 2018 WL 1188531 (W.D. La. Mar. 6, 2018), *adopted by* 2017 WL 8161187, at *2 (W.D.

La. Oct. 6, 2017). Postal Service tracking and fax confirmation share the same quality: a record of successful transmission. We therefore find that both types of evidence are probative of actual receipt.

The Eighth Circuit's unpublished opinion in *Wheeler v. United States*, 571 F. App'x 504 (8th Cir. 2014), does not conflict with our decision today. There, a plaintiff presented evidence of a fax confirmation, but used the wrong fax number, and the United States submitted affidavits that no claim was received. *Wheeler v. United States*, No. 13-CV-2156, 2013 WL 6048761, at *2 & n.1 (W.D. Ark. Nov. 15, 2013). The district court considered the evidence and made a factual finding that the agency had not received the plaintiff's claim. *Id.* at *3. The Eighth Circuit affirmed, noting that the district court's resolution of a factual attack on subject matter jurisdiction was not clearly erroneous. *Wheeler*, 571 F. App'x at 504 ("The district court did not [clearly] err by ruling on the evidence before it."). By contrast, in the instant case, we are not faced with a factual finding by the district court after it weighed all the evidence. Rather, the court categorically ruled that evidence of a fax confirmation stating successful transmission to the intended recipient is not probative evidence of presentment, going so far as to conclude Spriggs presented "no affirmative evidence" of receipt. We must reject that conclusion and remand for the district court's consideration of the record with a correct understanding of the law in the first instance. *Stringer v. Town of Jonesboro*, 986 F.3d 502, 509 (5th Cir. 2021) ("As we have repeatedly observed, we are a court of review, not first view." (citation omitted)).

## IV

For the foregoing reasons, we VACATE the district court's judgment and REMAND for further proceedings not inconsistent with this opinion.