# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-10199
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2025

Lyle W. Cayce
Clerk

Leslie Strong,

*Plaintiff—Appellant*,

*versus*

Bank of America Corporation; Bank of America
National Association,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-568

---

Before Jones, Dennis, and Ho, *Circuit Judges*.

Per Curiam:[*]

Leslie Strong, who is African American, brought claims against Bank of America Corporation (BAC) and Bank of America National Association (BANA) for discrimination under 42 U.S.C. § 1981, false imprisonment, and

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

intentional infliction of emotional distress. The district court dismissed all claims. For the reasons that follow, we AFFIRM.

I

Strong owns a real estate business and holds a business account with Bank of America. Her claims arise from two visits to Bank of America branches seeking a $27,000 cashier's check. At the first branch, a teller refused her request and told her to return the next day. Strong alleges she "felt belittled and knew the employees had racially profiled her" and that she "perceived the refusal as racially motivated." The complaint includes no other facts about this interaction.

The following day, at a different branch, a second teller again refused to issue the check and alerted a supervisor. The supervisor questioned Strong about the source of the funds. Strong refused to answer, alleging she did so "since she knew the supervisor was racially profiling her." The complaint provides no factual basis for how Strong "knew" this. A second supervisor then questioned her, verified her identity, but still declined to issue the check. When Strong asked why, the supervisor called the police. The complaint does not allege what happened next. Strong claims these events amount to racial discrimination and reflect a broader pattern of "Banking while Black" at Bank of America.

The district court denied Strong jurisdictional discovery and dismissed the claims against BAC without prejudice for lack of personal jurisdiction. It then dismissed the claims against BANA with prejudice for failure to state a claim. We review de novo both the dismissal for lack of personal jurisdiction and the dismissal for failure to state a claim. *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016); *Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018). We review the

No. 25-10199

denial of jurisdictional discovery for abuse of discretion. *Barber v. United States*, 642 F. App'x 411, 415 (5th Cir. 2016).

## II

### A

The district court correctly found it lacked personal jurisdiction over BAC. Personal jurisdiction over a nonresident defendant exists if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant and (2) exercising jurisdiction complies with due process. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Because the Texas Long Arm Statute is coextensive with federal due process limits, we analyze the issue solely under constitutional standards. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003).

This appeal turns on the due process requirement that a defendant have "minimum contacts" with the forum such that it could reasonably anticipate being hauled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (first citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); and then citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). Minimum contacts may give rise to either general or specific jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001).

As to general jurisdiction, a corporation is typically subject to it only in "two paradigmatic places: (1) the state of incorporation and (2) the state where it has its principal place of business." *Frank v. PNK (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020). BAC is a Delaware corporation with its principal place of business in North Carolina. The record is otherwise devoid of any indication that BAC has contacts with Texas "so 'continuous and systematic' as to render [it] essentially at home" in Texas. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317).

Nor does the record support specific jurisdiction. The district court correctly found that Strong failed to establish that her cause of action arises out of or relates to BAC's contacts with Texas. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986). Her claims are based on two interactions with bank employees at Texas branches. But BAC is merely a holding company—it does not operate branches or maintain customer accounts. Nothing in the complaint ties the alleged conduct to any BAC contact with Texas.

We likewise find no abuse of discretion in the district court's denial of jurisdictional discovery, as Strong "has not alleged specific facts that discovery will prove." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021).

B

On the merits, the district court correctly dismissed Strong's § 1981 claim against BANA because she failed to plausibly allege discriminatory intent. *Hager v. Brinker Tex., Inc.*, 102 F.4th 692, 700 (5th Cir. 2024) (stating that, to make out a prima facie case of a violation of § 1981, "a plaintiff must establish at trial '(1) that [she] is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute'" (quoting *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001))). Here, Strong's allegations of discriminatory intent are entirely conclusory. Her complaint merely recites what she subjectively "felt" or what she "knew," without any supporting factual allegations from which one could plausibly infer that these particular Bank of America employees acted with discriminatory intent. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) ("[N]aked allegations of discriminatory intent are too conclusory to survive a motion to dismiss[.]"); *Elliott v. Grp.*

No. 25-10199

*Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983) ("We are not prepared to hold that a subjective belief of discrimination, however genuine, can be the basis of judicial relief."); *cf. Merritt v. Wells Fargo Bank, N.A.*, No. 18-1960, 2019 WL 1965608, at *5 (C.D. Cal. Mar. 15, 2019) (ruling that a bank customer plausibly stated a § 1981 claim where the complaint alleged both "implicit signs of racial discrimination" and that the bank teller used a racial epithet). Dismissal of Strong's § 1981 claim was due.

Strong's challenge to the dismissal of her false imprisonment and IIED claims fares no better. She asserts that the district court erred by declining to exercise supplemental jurisdiction over these state law claims after dismissing her federal claim. But that's not what happened. The court dismissed the state law claims under Rule 12(b)(6) for failure to state a claim. Strong has forfeited any challenge to the Rule 12(b)(6) dismissal by failing to brief the issue. *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021).

AFFIRMED.