# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2025

Lyle W. Cayce
Clerk

No. 25-30250
Summary Calendar

───────────────

Peter James Williams; Alfreda Rodney Williams,

*Plaintiffs—Appellants*,

*versus*

United States of America; Joseph Biden, *President*; Kamala Harris, *Vice-President*; United States Department of Agriculture; Thomas Vilsack, *Secretary*; Xochitl Torres Small, *Deputy Secretary*; Guaranty Bank & Trust Company; First Guaranty Bank,

*Defendants—Appellees*.

───────────────────────────────────

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:24-CV-225

───────────────────────────────────

Before Dennis, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Peter and Alfreda Williams, litigants proceeding *pro se*, brought this suit under the Federal Tort Claims Act (FTCA), asserting a variety of claims

───────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30250

against the United States, President Joseph Biden, Vice President Kamala Harris, the United States Department of Agriculture (USDA) and its secretaries, as well as private entities Guaranty Bank and Trust Company (GBTC) and First Guaranty Bank (FGB). The district court dismissed the action for lack of subject matter jurisdiction and as time-barred. For the reasons that follow, we MODIFY the judgment to dismiss Plaintiffs' unpresented FTCA claims without prejudice. We otherwise AFFIRM as modified.

I

Plaintiffs' claims arise out of three sets of factual events spanning over twenty years. First, Plaintiffs executed loan agreements with GBTC in 2000 and 2002. After Plaintiffs failed to make payments on the loans, GBTC instituted foreclosure proceedings in 2004 before completing a sheriff's sale on the property in 2011. Second, after filing for bankruptcy numerous times and initiating other litigation against GBTC, in 2020, Plaintiffs completed a Guaranteed Farm Loan application through FGB. In 2021, Plaintiffs received a notice of ineligibility for the loan. Third, Plaintiffs filed a program discrimination complaint with the USDA Office of the Assistant Secretary for Civil Rights (OASCR). OASCR issued a final decision on Plaintiffs' claims on March 3, 2022, finding Plaintiffs had not established a case of discrimination.

Plaintiffs filed suit against Defendants on March 20, 2024, asserting claims arising out of these three events. Plaintiffs now allege OASCR committed a negligent investigation of Plaintiffs' 2021 complaint of "adverse discriminatory treatment to people of color, and women seeking farm loans and other program assistance." Plaintiffs allege these instances demonstrate that OASCR and other "Certified Guaranteed Loan Lenders" in Louisiana

colluded to commit "adverse actions" against Plaintiffs over a twenty-year period.

## II

The district court dismissed the action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), reasoning that it lacked jurisdiction to consider some claims, and the remaining claims were time-barred. Our review is de novo. *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). "Rule 12(b)(6) dismissal under a statute of limitation is proper only when the complaint makes plain that the claim is time-barred and raises no basis for tolling." *Johnson v. Harris County*, 83 F.4th 941, 945 (5th Cir. 2023) (quoting *Petrobas Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 253 (5th Cir. 2021)).

## III

The FTCA provides a limited waiver of sovereign immunity for tort suits against the United States, permitting plaintiffs to file suit only after presenting their administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a). Presentment is a jurisdictional prerequisite. *Spriggs v. United States*, 132 F.4th 376, 379 (5th Cir. 2025).

The district court was correct to dismiss Plaintiffs' claims against the United States.[1] To the extent Plaintiffs bring claims for the OASCR's negligent investigation of the original discrimination complaint, Plaintiffs failed to present their claim to the appropriate agency before filing suit. Plaintiffs' claims in this suit are not the same as those alleged in their

---

[1] As the district court correctly observed, the United States is the only proper party defendant in an FTCA suit—not the USDA, its secretaries, Joe Biden, Kamala Harris, nor FGB and GBTC as private entities. *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988).

OASCR complaint. Instead, Plaintiffs "are making a *new* claim regarding the accuracy of the agency's investigation" in denying the discrimination complaint. To satisfy the presentment requirement, an FTCA claimant must provide the agency with "facts sufficient to allow his claim to be investigated." *Cook v. United States*, 978 F.2d 164, 166 (5th Cir. 1992). Because Plaintiffs failed to present their negligent investigation claim to the appropriate agency prior to filing suit, the district court lacked jurisdiction to consider it. *Life Partners Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011). The district court nonetheless dismissed this claim with prejudice, which was error. *Spriggs*, 132 F.4th at 379 n.1. We modify the judgment to dismiss this claim without prejudice for lack of jurisdiction.

Any remaining discrimination claim against the United States was time-barred. The FTCA has a strict limitations period: a party must file a lawsuit within six months "after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §§ 2675(a); 2401(b). Plaintiffs filed their discrimination complaint with OASCR on May 11, 2021. Due to the coronavirus pandemic, OASCR electronically mailed its final agency decision on March 4, 2022, then again by certified mail on September 16, 2023. Plaintiffs did not file their action until March 20, 2024. Plaintiffs' failure to file suit within six months of the mailing of the OASCR final decision bars the claim.[2]

And the claims against the private bank entities are prescribed. First, Plaintiffs assert False Claims Act, Truth in Lending Act, and state law tort

---

[2] OASCR issued its decision March 3, 2022, then electronically mailed it March 4, 2022. Plaintiffs concede the March 2022 date is when OASCR mailed its final decision, stating that "March 3, 2022, [is] the tort discovery start[] date period." Even assuming a later date of September 2023, Plaintiffs still did not file suit within six months.

claims against GBTC. The False Claims Act has a maximum limitations period of six years, or three years "after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged," not to exceed more than ten years after the date the violation is committed. 31 U.S.C. § 3731(b). The maximum limitations period for Truth in Lending Act claims is three years. 15 U.S.C. §1640(e). Prior to July 1, 2024, the prescriptive period for Louisiana tort actions was one year.[3] GBTC foreclosed on Plaintiffs' property in 2004, with the foreclosure sale occurring in 2011. Plaintiffs filed this suit thirteen years after the foreclosure sale, which is the latest possible date of any alleged wrongdoing by GBTC. Any claims arising out of these facts have long prescribed.

Second, as to Plaintiffs' claims for "Failure to Process Official USDA Application," "Administrative Errors and Omissions," and "Negligence" against FGB, Plaintiffs requested a Guaranteed Farm Loan from FGB on August 31, 2020, and FGB requested information on Plaintiffs' eligibility for the loan on March 9, 2021. After FGB deemed Plaintiffs ineligible pursuant to Farm Service Agency regulations, 7 C.F.R. § 764.352(f), Plaintiffs filed their discrimination complaint with OASCR on May 11, 2021. Plaintiffs agree the agency issued its final decision in March 2022. Even construing this March 2022 date as the latest possible date for Plaintiffs' claims against FGB to accrue, Plaintiffs failed to file suit within one year. The claims against FGB are also prescribed.

---

[3] Though Louisiana's statute of limitations for delictual actions is now two years, the former one-year period applies to all actions occurring prior to July 1, 2024. *See* La. Civ. Code art. 3492 (repealed by Tort Actions, 2024 La. Sess. Law Serv. Act 423 (H.B. 315)); La. Civ. Code art. 3493.1.

No. 25-30250

## IV

For the foregoing reasons, we MODIFY the judgment to dismiss Plaintiffs' unpresented FTCA claims without prejudice. We otherwise AFFIRM as modified.