## W. Douglas WILLIAMS and Texas Dynamics, Inc., Plaintiffs.

### v.

## The Honorable Jack BROOKS, Defendant.

### Civ. A. No. H–88–1632.

United States District Court, S.D. Texas, Houston Division.

Aug. 24, 1994.

Ella T. Tyler, Houston, TX, for plaintiffs.

Charles Tiefer, Deputy Gen. Counsel to the Clerk, and Richard P. Stanton, Asst. Gen. Counsel to the Clerk, U.S. House of Representatives, Washington, DC, for defendant.

Joseph Mirsky, Asst. U.S. Atty., Houston, TX, Jeffrey Axelrad, Director, Torts Branch

**152**

and Rupert M. Mitsch, Atty-in-Charge, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, DC, for the U.S.

### ORDER

HITTNER, District Judge.

Pending before the Court are the motion to substitute the United States as Defendant filed by petitioner the United States of America (the "Government") and the motion to dismiss filed by the Government. Having considered the motions, the submissions on file, the arguments of counsel at a hearing conducted before the Court on August 24, 1994, and the applicable law, the Court determines that the motions should be granted.

On February 22, 1988, plaintiffs Douglas Williams ("Williams") and Texas Dynamics, Inc. (collectively "plaintiffs") filed this action against Congressman Jack Brooks ("Brooks") in Texas state court. Plaintiffs alleged that Brooks had defamed plaintiffs during a press interview. Brooks removed the action to federal court and invoked the defense of official immunity. On March 16, 1990, this Court denied Brooks' motion to dismiss based on official immunity. On October 25, 1991, the Fifth Circuit Court of Appeals affirmed the denial of Brooks' motion to dismiss.[1]

Through the instant motion, the Government requests that it be substituted in place of defendant Brooks pursuant to 28 U.S.C. § 2679(d), on the ground that Brooks was acting within the scope of his official duty about a public issue related to his official responsibilities when he made the allegedly defamatory statements at issue. Specifically, the Government contends that Brooks' allegedly defamatory comments were directly related to the controversy surrounding plaintiff's fund raising efforts for the restoration of the Battleship Texas.

§ 2679(d), which is also known as the Westfall Act, provides that:

Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employ-

ment at the time of the incident out of which the claim arose, any civil action ... shall be deemed an action against the United States ... and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2). Upon certification by the Attorney General, the action against the employee "shall proceed in the same manner as any action against the United States [under the Federal Tort Claims Act] ... and shall be subject to the limitations and exceptions applicable to those actions." 28 U.S.C. § 2679(d)(4).

In the instant case, the Attorney General, through the Director of the Torts Branch, Civil Division, United States Department of Justice, has certified that Brooks was acting within the scope of his employment for purposes of § 2679 when he made the allegedly defamatory statements at issue.

■ The certification "is *prima facie* evidence that the employee's challenged conduct was within the scope of employment." *Schrob v. Catterson*, 967 F.2d 929, 935 (3d Cir.1992). If the certification is disputed, "the burden then shifts to the plaintiff who must come forward with specific facts rebutting the certification." *Id.* Thus, plaintiff bears the burden of establishing that Brooks was not acting within the scope of his official duties under § 2679. *Id.; see also S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir.1990), *cert. denied* —— U.S. ——, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991). Based on the submissions on file, the Court determines that plaintiff failed to establish that Brooks was not acting within the scope of his employment for purposes of substituting the Government as a defendant under § 2679. Accordingly, the Government's motion to be substituted as defendant should be granted.

■ Having determined that the action should proceed against the Government in place of defendant Brooks, the Court considers whether the action should be dismissed for failure to state a claim upon which relief

---

**1.** Subsequently, the action was dismissed for failure of the parties to file a joint pretrial order. The Fifth Circuit Court of Appeals reversed that

dismissal and remanded the action for further proceedings.

can be granted. Having substituted the Government as defendant, the Government may assert any defense to which it is entitled. Through the motion to dismiss, the Government points out that the Federal Tort Claims Act ("FTCA") does not allow recovery against the Government for actions arising out of libel or slander. 28 U.S.C. § 2680(h). In response, the plaintiffs do not contest that the FTCA provides no recovery against the Government for defamation. Therefore, as plaintiffs' claim is for defamation, the plaintiffs cannot recover against the Government under the FTCA. Therefore, the action should be dismissed.

Based on the foregoing, it is

ORDERED that the Government's motion to substitute itself as Defendant is GRANTED and the Government is hereby substituted in place of Brooks as the defendant in the instant case. The Court further ORDERS that the Government's motion to dismiss is GRANTED and the action is hereby DISMISSED for failure to state a claim upon which relief may be granted.