# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2010

No. 09-40730
Summary Calendar

Lyle W. Cayce
Clerk

RANDY ARGO,

Plaintiff - Appellee

v.

OFFICER WOODS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:07-CV-488

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Officer Herman Woods appeals a $500 jury award for use of excessive force. For the following reasons, we affirm.

## I. BACKGROUND

Randy Argo sued Brazoria County, Sheriff Charles Wagner, and Officers Jerry Fortenberry and Herman Woods for excessive force and wrongful arrest under 42 U.S.C. § 1983, alleging that he was deprived of "life, liberty, or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

property, without due process of law and or equal protection of the laws [sic] as guaranteed by the Fifth and Fourteenth Amendments." Argo also alleged that "defendants deprived him of his rights, privileges and immunities provided by the First Amendment." More specifically, Argo claimed that Fortenberry and Woods, who were dispatched to his residence to investigate a nuisance complaint grabbed him by the throat, threw him off his porch and arrested him without probable cause.

The defendants filed a Rule 12(b)(6) motion to dismiss for failure to state a claim or alternatively, for a more definite statement. The district court converted their motion to dismiss to a motion for summary judgment under Federal Rule of Civil Procedure 56. It granted summary judgment in favor of all the defendants as to Argo's First, Fifth, and Fourteenth Amendment claims and dismissed Wagner and Brazoria County from the lawsuit. Although Argo specifically pleaded "unlawful arrest, unlawful restraint, official oppression, and/or outrageous police misconduct" under the Fifth and Fourteenth Amendments, the district court denied summary judgment to Fortenberry and Woods as to Argo's excessive use of force and false arrest claims  holding that "when malicious force is used by officers for no apparent law enforcement related purpose, it may form the basis of a Fourth Amendment violation."

Almost three months after the deadline for filing dispositive motions and five days before trial, Fortenberry and Woods moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). In their Rule 12(c) motion they argued that because Argo never alleged a Fourth Amendment cause of action nor alleged excessive force, he pleaded no constitutional violation and his case should be dismissed. The district court denied the motion as untimely. The claims against Fortenberry and Woods were tried before a jury. At the close of evidence, Fortenberry and Woods moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). The court denied the motion. After

the parties rested, the district court judge instructed the jury. This included an instruction on whether the defendants met the two-part test for qualified immunity. The jury rendered a verdict exonerating Fortenberry, but found that Woods had used excessive force and awarded Argo $500 in damages.  Woods then filed a renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), arguing that the evidence at trial did not support the jury's finding that Woods used excessive force against Argo and that he was entitled to qualified immunity.  The district court denied Woods's motion.

## II.  DISCUSSION

On appeal, Woods argues that the district court abused its discretion by denying his Rule 12(c) motion as untimely.  *See Jones v. Coleman Co., Inc.*, 39 F.3d 749, 753–54 (7th Cir. 1994) (holding that magistrate judge did not abuse his discretion by permitting summary judgment motion after deadline for good cause, despite district court's prior denial of motion as untimely under Rule 16(b)); *see also* 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367, at 514 (1990) (stating that judge has discretion to deny Rule 12(c) motion filed after excessive delay).

To assist in the speedy and efficient resolution of cases, Rule 16(b) requires the court to enter a scheduling order that limits the time litigants may file motions. Once set, the scheduling order may only be modified by leave of court upon a showing of good cause. FED. R. CIV. P. 16(b). The broader language of Rule 12(c), however, appears to conflict with Rule 16 in that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c). We have not directly addressed this apparent conflict, but the court finds *Riggins v. Walter*, 279 F.3d 422 (7th Cir. 1995), to be instructive regarding its resolution:

> Rule 12(c) does not restrict the court's discretion under Rule 16(b). Just as we have applied Rule 16(b) to a motion pursuant to Rule 56, which states that the motion may be brought "at any time" after

09-40730

certain criteria are met, . . . a Rule 12(c) motion may be brought after the dispositive motions deadline if the moving party complies with the requirements of Rule 16(b) and if it will not delay trial.

*Id.* at 427–28.

Here, Woods never requested leave to amend the scheduling order deadlines for dispositive motions. Even if we were to construe his Rule 12(c) motion as one requesting leave to amend the scheduling order, Woods fails to give any reason how he meets Rule 16's fairly stringent "good cause" standard which requires him to give a persuasive reason why the dates originally set by the scheduling order for the filing of dispositive motions could not "reasonably be met despite the diligence of the party seeking the extension." FED. R. CIV. P. 16(b) advisory committee's note (1983); *see also Sea-Land Services, Inc. v. D.I.C., Inc.*, 102 F.R.D. 252, 253–54 (S.D. Tex. 1984) (denying defendant's Rule 12(c) motion filed seven months after motion cut-off date because "[t]he Defendant offers the court no explanation or showing of 'good cause' why on the eve of trial the motion should be considered."). Since Woods has failed to offer any reason why he could not have filed his motion before the deadline, we affirm the district court's denial of the motion.

Next, Woods contends that the district court erred by failing to grant his motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) because the evidence at trial was insufficient to support the jury's finding that Woods used excessive force against Argo. In considering a Rule 50(b) motion for judgment as a matter of law following a jury verdict, the court must be "especially deferential" to the jury's findings. *Brown v. Bryan County, OK*, 219 F.3d 450, 456 (5th Cir. 2000). This court's standard for evaluating a Rule 50(b) motion for judgment as a matter of law following a jury verdict is whether "the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict." *Am. Home Assur. Co. v. United*

4

09-40730

*Space Alliance*, 378 F.3d 482, 487 (5th Cir. 2004). A jury verdict must stand unless there is lack of substantial evidence, viewed in the light most favorable to the successful party, to support the jury's factual findings, or the legal conclusions implied from the jury's verdict cannot, in law, be supported by those findings. *Id.*

To establish an excessive use of force claim, a plaintiff must demonstrate "(1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). Further, the "injury must be more than a de minimis injury and must be evaluated in the context in which the force was deployed." *Id.*

Our review of the trial transcript indicates that during the trial there was evidence presented to the jury that Woods caused physical injury to Argo that required a doctor's visit; that the force Woods's applied to Argo was clearly excessive as applied to the need Argo's actions presented; and that Woods's actions were clearly unreasonable. This evidence was more than sufficient to support the jury's $500 excessive force verdict against Woods and as a result the district court did not err when it denied Woods's Rule 50(b) motion.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's judgment in its entirety.