# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2023

Lyle W. Cayce
Clerk

———————

No. 21-60885

———————

Bruce Ellis, *doing business as* Delta Cinema; Willie Ellis, *doing business as* Delta Cinema,

*Plaintiffs—Appellants*,

*versus*

Clarksdale Public Utilities; Clarksdale Public Works; City of Clarksdale,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:20-CV-32

———————————————————————

Before Higginbotham, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Bruce and Willie Ellis ("Plaintiffs"), doing business as Delta Cinema, filed a pro se § 1983 lawsuit against the City of Clarksdale, Mississippi, Clarksdale Public Utilities, and Clarksdale Public Works ("Defendants"). Plaintiffs asserted a Fifth Amendment inverse condemnation claim, alleging that Defendants' transport of raw sewage and storm water across their

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-60885

private property caused damage for which they were not justly compensated. On appeal, Plaintiffs challenge the district court's rulings on several motions, along with its grant of summary judgment to Defendants. We AFFIRM.

I

The parties dispute the facts that led to this litigation. In their complaint, Plaintiffs allege that Defendants' operation and repair of the City's sanitary sewer and storm water drainage system created a 17-foot hole under their business, Delta Cinema, causing damage such as "mold, rot, rust, decay, and erosion of soils." Plaintiffs sued Defendants under 42 U.S.C. § 1983 for monetary damages, arguing that Defendants' actions constituted a taking under the Fifth Amendment. Defendants assert that the only work performed on the property was the lining of piping that ran under the Delta Cinema and the subsequent testing of the piping. Defendants also contend, through their expert witness, that "there is no action or inaction by [Defendants] . . . that would explain any of the detrimental effects to the [P]laintiffs' property alleged in their complaint."

The record below contains a multitude of motions, mostly from Plaintiffs. Before engaging in substantive discovery, Plaintiffs moved for summary judgment. One week later, they filed a supplemental motion for summary judgment, which included twenty photos without any explanation of what they depict.[1] The district court denied both motions on the basis that Plaintiffs failed to establish municipal liability.

Due to the technical nature of the case, Defendants jointly designated engineer Blake Mendrop as an expert witness. Plaintiffs, however, failed to properly designate any expert witnesses or produce any expert reports before

_____

[1] The images appear to depict piping and holes, presumably near the Delta Cinema.

No. 21-60885

the deadline set by the court's scheduling order. After the deadline passed, Plaintiffs filed a *Daubert* motion to exclude Defendants' expert.

Relying on the expert testimony of Blake Mendrop, Clarksdale Public Utilities filed a motion for summary judgment, which was joined by the City of Clarksdale. The City of Clarksdale and Clarksdale Public Works filed their own motion for summary judgment, submitting in support an affidavit from Arch Corley, the City Engineer for the City of Clarksdale.

Approximately three weeks after the court's deadline to file dispositive motions, Plaintiffs filed a motion for judgment on the pleadings, along with a supplemental motion for judgment on the pleadings. The court struck both as untimely.

With a plethora of motions before it, the court entered a Memorandum Opinion which denied all the evidentiary motions, including Plaintiffs' *Daubert* motion. The court also granted Defendants' summary judgment motions, reasoning that Plaintiffs failed to create a factual dispute by neglecting to refute the opinions of Defendants' experts that Defendants did not cause the alleged damage. Plaintiffs timely appealed.

Liberally construing their appellate brief, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiffs argue that: (1) the district court abused its discretion by striking Plaintiffs' motion for judgment on the pleadings based on timeliness; (2) the district court abused its discretion by denying Plaintiffs' *Daubert* motion based on timeliness; and (3) the district court erred by denying Plaintiffs' summary judgment motion and granting summary judgment to Defendants.[2]

---

[2] In addition to the arguments listed, Plaintiffs repeatedly and confusingly argue that Defendants are subject to a "strict liability" standard. We do not address this

3

No. 21-60885

## II

We review the district court's denial of a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings for lack of timeliness under an abuse of discretion standard. *See Argo v. Wood*s, 399 F. App'x 1, 2–3 (5th Cir. 2010) (per curiam); *e.g.*, *accord United States v. Dabney*, 42 F.4th 984, 989 (8th Cir. 2022); *United States v. Soto*, 794 F.3d 635, 655 (6th Cir. 2015); *United States v. Smith*, 918 F.2d 1501, 1509 (11th Cir. 1990). We also "review the admission of expert testimony for an abuse of discretion." *Carlson v. Bioremedi Therapeutic Sys.*, *Inc.*, 822 F.3d 194, 199 (5th Cir. 2016).

"We review a grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Pierce v. Dep't of the Air Force*, 512 F.3d 184, 186 (5th Cir. 2007). "Summary judgment is proper only if the pleadings and record materials reveal no genuine issue as to any material fact." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018).

## III

## A

First, the untimely motions.

To assist in the speedy and efficient resolution of cases, Federal Rule of Civil Procedure 16(b) requires courts to enter a scheduling order that "limits the time to join other parties, amend the pleadings, complete discovery, and file motions." FED. R. CIV. P. 16(b)(3)(A). Once in place, the scheduling order may only be modified "for good cause and with the

---

argument because it does not fit within the theory of liability Plaintiffs set forth in their complaint.

judge's consent." FED. R. CIV. P. 16(b)(4).[3] "Consistent with the authority vested in the trial court by rule 16, our court gives the trial court 'broad discretion to preserve the integrity of the [scheduling order].'" *Geiserman v. Macdonald*, 893 F.2d 787, 790 (5th Cir. 1990).

Here, Plaintiffs filed a Rule 12(c) motion for judgment on the pleadings roughly three weeks after the deadline set by the court's scheduling order. And they filed their *Daubert* motion nearly two weeks after the deadline. They neither sought nor received leave from the court to file either motion after the deadline. Nor did they demonstrate good cause.

The district court had already displayed great patience and flexibility with Plaintiffs by, for example, extending the deadline for Plaintiffs to serve the City and declining to strike unauthorized surreplies. We hold that it was within the sound discretion of the district court to reject Plaintiffs' untimely motions.

B

We turn to Plaintiffs' argument that the district court erred by denying their motions for summary judgment and granting summary judgment to Defendants.

"We give pro se briefs a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012). But even though "this court applies less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construes the briefs of pro se litigants, a pro se appellant still must actually argue something that is susceptible of liberal construction." *Toole v. Peak*, 361 F. App'x 621, 621 (5th Cir. 2010) (citing

_____

[3] This rule applies to motions filed under Federal Rule of Civil Procedure 12(c) and evidentiary motions alike. *See Argo*, 399 F. App'x at 3; *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

*Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995)). Here, no matter how liberally we construe Plaintiffs' filings on appeal and below, there are no reasonable inferences that can be drawn that lead to the conclusion that Plaintiffs have created a factual dispute regarding their Fifth Amendment claim.

Municipalities and other local governments may be sued under § 1983 when official policies are in clear violation of constitutional rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 663 (1978). "To establish municipal liability pursuant to § 1983, a plaintiff must demonstrate three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Shumpert v. City of Tupelo*, 905 F.3d 310, 316 (5th Cir. 2018).

Both on appeal and below, Plaintiffs have failed to identify any of these three required elements. First, Plaintiffs failed to identify officials or governmental bodies "who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008) (internal quotation marks omitted). At one point in the litigation, Plaintiffs argued that the EPA is the policymaker, but critically, they failed to identify a *municipal* policymaker as required by law.

Second, Plaintiffs identified no official policy. Beyond one conclusory statement in their opening brief about Defendants' "failure to adequately train" employees, Plaintiffs have completely neglected to engage with this element of municipal liability.

Finally, as to causation, Plaintiffs did not produce any evidence to refute Defendants' experts' opinions and show that damages to the Delta Cinema were caused by Defendants, let alone *an official custom or policy* of

No. 21-60885

Defendants. Plaintiffs have thus failed to create a factual dispute on the issue of municipal liability. Accordingly, the district court properly denied Plaintiffs' motions for summary judgment and granted summary judgment to Defendants.[4]

AFFIRMED.

_____

[4] Plaintiffs also challenge the district court's acceptance of Clarksdale Public Utilities motion for summary judgment, which they contend was filed "47 days after the close of all discovery." But this argument lacks a factual basis. The dispositive motion deadline set by the operative scheduling order was almost two months after Clarksdale Public Utilities moved for summary judgment.