# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2025

Lyle W. Cayce
Clerk

_____

No. 24-20371
_____

Wilhemena J. Beary, *personal representative of the Estate of Joshua J. Johnson*,

*Plaintiff—Appellant*,

*versus*

Harris County; Tu Tran, *Deputy Sheriff for the Harris County Sheriff Department*; Shaun O'Bannion, *Deputy Sheriff for the Harris County Sheriff Department*; United States of America,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-1249

_____

Before Stewart, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:[*]

This case arises from the fatal shooting of Joshua Johnson by Harris County Sheriff's Office ("HCSO") Deputy Tu Tran. Johnson's mother, Wilhemena Beary, brought various claims under 42 U.S.C. § 1983 against Harris County and Deputies Tran and Shaun O'Bannion in their individual

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

capacities, among others. After nearly two years of litigation, the United States certified the deputies as federal officers, prompting substitution and dismissal under the Federal Tort Claims Act ("FTCA"). The district court accepted the certification, dismissed all claims against the United States for failure to exhaust administrative remedies, and dismissed the claims against Harris County on the ground that it could not be liable for acts of federal officers. For the reasons that follow, we AFFIRM.

I

On the morning of April 22, 2020, Deputy Tran shot and killed Johnson—a thirty-five-year-old Navy veteran who was house-sitting for his hospitalized neighbor—while Deputy Tran conducted unrelated surveillance for the federal Gulf Coast Violent Offenders Task Force.[1] Beary alleges that Deputy Tran, clad in plain clothes and sitting in an unmarked police cruiser, stalked the unarmed Johnson, fired two rounds into his chest and side, and then drove away without summoning aid. Deputy O'Bannion, also assigned to the task force, arrived at the scene shortly after the shooting. His body-worn camera recorded the immediate aftermath, including Johnson lying wounded on the ground and officers securing the area, but it did not capture the shooting itself. Johnson died at the scene.

In April 2022, Beary, individually and on behalf of Johnson's estate, sued Harris County and HCSO Sheriff Ed Gonzalez, Deputies Tran and O'Bannion, and Senior Investigator Allen B. Beall. Beary's operative complaint asserted excessive-force, equal-protection, deliberate-indifference, First and Fourteenth Amendment familial-association, and

---

[1] The Gulf Coast Violent Offenders Fugitive Task Force is a United States Marshall Service task force responsible for joint federal-state fugitive apprehension operations within the State of Texas.

*Monell*[2] claims through 42 U.S.C. § 1983; a 42 U.S.C. § 1985 civil-conspiracy claim; and Texas wrongful-death and survivorship claims. Although Beary's operative complaint acknowledged that Deputy Tran was "a Harris County Sheriff Deputy assigned to the Gulf Coast Violent Task Force Unit," the introductory paragraph alleged that all "defendants acted under color of state law." The complaint otherwise alleged each individual defendant "acted under the color of law." The defendants answered by denying the former allegation but admitting the latter "as they related to the identities and color of law status of each defendant[.]" The defendants' answers also asserted that Deputies Tran and O'Bannion were on duty as members of the federal Gulf Coast Violent Offenders Task Force.

For nearly two years, the litigation proceeded in the ordinary course.[3] That trajectory changed on January 10, 2024, when the United States successfully moved to quash the deputies' imminent depositions so that it could determine whether Deputies Tran and O'Bannion—both credentialed as Special Deputy United States Marshals (SpDUSMs)—had acted within the scope of their duties as members of the federal task force. The United States concluded they had and filed a certification under the Westfall Act[4] stating that the deputies "were at all pertinent times acting within the scope

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[3] Over this period, Beary's claims against all defendants except for Harris County and Deputies Tran and O'Bannion were dismissed. Beary does not appeal the dismissal of those other claims.

[4] 28 U.S.C. § 2679(d)(1). Under that provision, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." This is commonly referred to as a "Westfall Act certification."

of their employment on a federal task force with the United States Marshall Service . . . ." The United States moved to substitute counsel and substitute itself as defendant in their stead. Harris County likewise moved to withdraw as counsel for Deputies Tran and O'Bannion. The district court granted the motions, noting that Beary "did not respond to any of the Defendants' motions," which it took "as a representation of no opposition."

The United States then moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, contending that Beary had never presented an administrative tort claim to the U.S. Marshals Service as required by the FTCA, 28 U.S.C. § 2675(a). Harris County filed its own Rule 12(b)(6) and 12(c) motion—or, in the alternative, a motion for summary judgment—arguing that once the deputies were deemed federal actors, no viable claim remained against it. Beary opposed the motions and alternatively sought discovery or leave to amend.

On May 28, 2024, the district court granted the motions to dismiss. In doing so, the district court construed Beary's complaint as raising an FTCA claim against the United States and Deputies Tran and O'Bannion, and a *Bivens*[5] claim against Deputies Tran and O'Bannion in their individual capacities. The district court dismissed all claims against the United States for want of jurisdiction because Beary had not first presented her federal claims to the appropriate federal agency as required by the FTCA; dismissed all claims against Harris County, reasoning that the County could not be liable for acts performed by deputies acting solely under federal authority; denied Harris County's alternative motion for summary judgment as moot; and dismissed the claims against the deputies in their individual capacities

---

[5] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

No. 24-20371

for failure to state a claim under *Bivens*. This timely appeal followed.

## II

Beary raises three issues on appeal.[6] She first argues that the district court erred by dismissing her suit because any FTCA presentment defect should be excused by equitable tolling. She next maintains that the Government's Westfall Act certification lacks sufficient factual support, that the district court improperly denied the discovery necessary to contest it, and that the district court erred by dismissing the claims before such discovery. She finally contends that Harris County's Rule 12(b)(6) and 12(c) motion was untimely. We address each argument in turn.

## A

We begin with the district court's dismissal of Beary's FTCA claims for lack of subject matter jurisdiction on account of her failure to satisfy the FTCA's presentment requirement, which we review de novo. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Under the FTCA, a plaintiff must present their claims to the appropriate federal agency prior to filing suit. 28 U.S.C. § 2675(a). "We have recognized that presentment is a jurisdictional prerequisite." *Spriggs v. United States*, 132 F.4th 376, 379 (5th

---

[6] Several aspects of the district court's judgment are inadequately addressed or absent from Beary's briefing on appeal. Beary does not contest the district court's ruling that the Supreme Court has not extended *Bivens* to the excessive-force context involving federal task force officers nor does she argue for extending *Bivens* to this context. She does not challenge the district court's conclusion that no claims can survive as to Harris County as a matter of law if the United States was properly substituted as a defendant. Nor does Beary contest the denial of her motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)(6). Finally, Beary's briefing only makes a single, passing claim that Harris County "waived" the arguments made in its dispositive motion by failing to raise them in its earlier answer or responsive pleadings. Accordingly, these issues are forfeited, and we do not address them further. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021).

Cir. 2025) (citing *Cook v. United States*, 978 F.2d 164, 165–66 (5th Cir. 1992)). Beary concedes that she "fail[ed] to provide timely notice under the [FTCA]," but argues that equitable tolling of its limitations period is warranted here because the Government's delayed Westfall Act certification—filed nearly two years after she initiated suit and four years after Johnson's death—constitutes an extraordinary circumstance sufficient to justify tolling. *See United States v. Wong*, 575 U.S. 402, 412 (2015).

Assuming that equitable tolling would be appropriate under these circumstances, it would not retroactively cure the jurisdictional defect caused by the failure to present her federal claim before filing *this* suit. We have long held that the FTCA's presentment requirement "is more than a mere statement of procedural niceties," but "requires that jurisdiction must exist *at the time the complaint is filed*." *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) (emphasis added). That the jurisdictional defect may later be cured does not permit the district court to retain jurisdiction. *McNeil v. United States*, 508 U.S. 106, 111–12 (1993) (affirming dismissal of FTCA claim for lack of subject matter jurisdiction where plaintiff filed suit after presenting administrative claim but before its denial); *Gregory*, 634 F.2d at 204 (affirming dismissal of FTCA claim for lack of subject matter jurisdiction notwithstanding that sixth months had passed since presenting administrative claim but not at the time of filing suit). Accordingly, "the district court was required to dismiss [this] suit against the United States." *Gregory*, 634 F.2d at 204 (citation omitted).[7]

---

[7] To be sure, this does not foreclose Beary's ability to timely present her claim and seek relief under the FTCA. The Government stresses that the Westfall Act provides an exception to the FTCA's limitations period "[w]henever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim . . . ." § 2675(d)(5). Under this exception, "such a claim shall be deemed to be timely presented" where "(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within

No. 24-20371

B

Beary relatedly contends that the Government's certification that Deputies Tran and O'Bannion were acting within the scope of their federal employment lacks sufficient factual support, and the district court erred by declining to allow her to conduct discovery prior to dismissal to determine whether the deputies were acting within the scope of their purported federal authority at the time of Johnson's death. We review the former issue de novo and the latter for abuse of discretion. *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003); *Bolton v. United States*, 946 F.3d 256, 260 (5th Cir. 2019).

Under the Westfall Act, the United States may be substituted as the sole defendant in a tort action where the Attorney General certifies that the allegedly tortious conduct was committed by a federal employee "acting within the scope of his office or employment." 28 U.S.C. § 2679(d)(1). Certification is not conclusive evidence and "[a] plaintiff may request judicial review of the Attorney General's scope-of-employment determination[.]" *Osborn v. Haley*, 549 U.S. 225, 246 (2007); *Bolton*, 946 F.3d at 260. "If the certification is disputed," the burden then shifts to the plaintiff to show that the defendant-employee's conduct was not within the scope of his or her federal authority. *Williams v. Brooks*, 862 F. Supp. 151, 152 (S.D. Tex. 1994), *aff'd sub nom. Williams v. United States*, 71 F.3d 502 (5th Cir. 1995); *Bolton*, 946 F.3d at 260. A plaintiff may satisfy their burden by alleging "in either the complaint or a subsequent filing, specific facts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment." *Bolton*, 946 F.3d at 260 (quoting *Jacobs v. Vrobel*, 724 F.3d

---

60 days after dismissal of the civil action." § 2675(d)(5)(A)–(B). The district court entered final judgment dismissing Beary's claims on May 28, 2024, and the Government concedes that Beary presented her administrative claim on July 18, 2024. The Government concedes that Beary "may file a new lawsuit and attempt to rely on that submission, in conjunction with section 2679(d)(5), to establish that she has satisfied the administrative exhaustion requirement."

217, 220 (D.C. Cir. 2013)).

Although Beary asserts that the Government's certification lacks sufficient factual support, she failed to raise this argument in opposition to the Government's various motions to quash, substitute, and certify Deputies Tran and O'Bannion as federal officers.[8] The district court's order granting substitution under the Westfall Act noted that Beary "did not respond" to the Government's motion and considered her "[f]ailure to respond . . . as a representation of no opposition" under Southern District of Texas Local Rule 7.4.[9] Beary admits the Government's motion to substitute "was uncontested" and that she raised her scope-of-employment objection for the first time in response to the Defendants-Appellees' dispositive motions.

Because the Government's certification triggered automatic substitution under the Westfall Act, the burden shifted to Beary to affirmatively contest the certification's validity if she wished to prevent substitution. *See Bolton*, 946 F.3d at 260; *Brooks*, 862 F. Supp. at 152. By failing to do so, she forfeited the opportunity to contest the scope-of-employment question. *See Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 759 (5th Cir. 2019) ("[I]n failing to oppose" an adversary's motion, a plaintiff

---

[8] We have "characteriz[ed] the certification process as a motion to substitute." *See Mitchell v. Bailey*, 982 F.3d 937, 941 (5th Cir. 2020), *as revised* (Dec. 30, 2020) (citing *Moncrief v. Moncrief*, No. 4:98-CV-528-E, 1998 WL 567988, at *5 (N.D. Tex. Aug. 3, 1998), *aff'd*, 194 F.3d 1309 (5th Cir. 1999)).

[9] Southern District of Texas Local Rule 7.4 provides that "[f]ailure to respond to a motion will be taken as a representation of no opposition." We have long recognized "the power of district courts to 'adopt local rules requiring parties who oppose motions to file statements of opposition.'" *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (quoting *John v. La.*, 757 F.2d 698, 708 (5th Cir. 1985)). And that "[l]ocal rules generally have the force of law 'as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution.'" *Darouiche v. Fid. Nat'l Ins. Co.*, 415 F. App'x 548, 552 (5th Cir. 2011) (unpublished) (internal citation omitted) (quoting *Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008)).

"forfeit[s] any argument that the district court's . . . order was improper."); *Vander Zee v. Reno*, 100 F.3d 952, 1996 WL 625346 at *3 (5th Cir. 1996) (unpublished table decision) ("We agree with the district court that having failed to oppose the notice of substitution [the plaintiff] necessarily waived any challenge to it and failed to carry his burden of showing the certification was erroneous."). For the same reason, the district court did not abuse its discretion in declining to allow Beary to conduct discovery on the scope-of-employment issue. *Bolton*, 946 F.3d at 260 ("[T]here is no right to even 'limited discovery' unless a plaintiff has made allegations sufficient to rebut the Government's certification." (alteration in original) (quoting *Wuterich v. Murtha*, 562 F.3d 375, 386 (D.C. Cir. 2009))).

## C

Beary's final argument is that she was prejudiced by the district court's consideration of Harris County's Rule 12(b)(6) and 12(c) motion because it was untimely under the court-imposed dispositive motions deadline. "We review a district court's decision to allow an untimely filing for abuse of discretion." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015). District courts enjoy broad discretion to consider motions filed after the expiration of scheduling order deadlines where good cause exists. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995) (citations omitted); *Argo v. Woods*, 399 F. App'x 1, 2 (5th Cir. 2010) (unpublished). Moreover, Rule 12(c) motions "may be filed at any time after the pleadings are closed so long as filing them does not delay trial . . . ." *Long*, 798 F.3d at 275.

The district court's scheduling order set the dispositive motion deadline as February 6, 2024. The district court granted the Government's Westfall Act certification and substituted the United States as defendant in place of Deputies Tran and O'Bannion on March 5, 2024. Harris County

filed the at-issue dispositive motion sixteen days later, on March 21, 2024, and detailed this chain of events as the basis for dismissal. The district court concluded the motion was timely because the Government's certification and substitution gave rise to new grounds for dismissal previously unavailable to Harris County as it had no authority to make that certification itself. *See* 28 U.S.C. § 2679. The district court also emphasized that Beary was not prejudiced by the belated filing because she had alleged that the deputies were serving on a federal task force "from the onset of th[e] case." Under these circumstances, we cannot say that the district court abused its discretion in entertaining Harris County's motion.

## III

For the foregoing reasons, we AFFIRM the judgment of the district court.